No. 85-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

THE STATE OF MONTANA, ex rel.,
SARA BETH HUFFORD, a minor child,
and JIM and JUDY HUFFORD, her
parents,

    Petitioners and Respondents,

 -vs-

THE MONTANA MEDICAL-LEGAL PANEL,
G. BRIAN ZINS, Panel Director,
et al.,

    Respondents and Appellants.

APPEAL FROM: District Court of the First Judicial District,
       In and for the County of Lewis & Clark,
       The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Gerald J. Neely argued, Billings, Montana
    Poore, Roth & Robinson; Donald Robinson, Butte,
    Montana

  For Respondent:

    Huntley & Eakin; Ira Eakin argued, Baker, Montana

         Submitted: June 3, 1986

          Decided: August 26, 1986

Filed: AUG 26 1986

_Ethel M. Harrison_
      Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

The Montana Medical-Legal Panel and its director appeal the declaratory judgment of the First Judicial District Court holding that the Panel must allow an unofficial transcript to be made of its proceedings when requested.

We reverse the declaratory judgment.

Judy and Jim Hufford for themselves and their minor daughter, Sara Beth Hufford, filed a claim in October of 1983 with the Medical-Legal Panel alleging medical malpractice against two doctors who had treated their daughter. At a prehearing conference Huffords requested permission to have a stenographic record of the upcoming hearing made. The doctors opposed Huffords' request for a transcript. The Panel chairman therefore ruled that no transcript would be made. This ruling complies with Rule 15(c), Panel Rules of Procedure:

> The hearing will be confidential and informal, and the Panel shall not make, pay for or retain any transcript; with the consent of the chairman of the Panel and all parties to the claim, the parties may provide for the making, payment and retention of a transcript.

Huffords then applied to the District Court for a Writ of Mandamus. By stipulation of counsel and approval of the court, the petition was considered as a complaint seeking declaratory relief. The District Court concluded that denial of the requested transcript violated due process of law guaranteed by the 1972 Montana Constitution, Art. II, § 17 and the Fourteenth Amendment of the United States Constitution.

The issue before us is whether the District Court erred in ruling that a transcript must be provided. The appellants contend that a transcript is not statutorily or constitutionally mandated. Respondents answer that denial of

- 2 -

a transcript denies them the full right to cross-examine witnesses at trial and is so arbitrary as to deny due process. Respondents further contend that the Panel exceeded its authority in adopting Rule 15(c) which is inconsistent with the Montana Administrative Procedure Act (MAPA).

We cannot agree with those contentions.

We need not reach the issue of whether the Panel is an "agency" within the meaning of MAPA. The enabling legislation for the Panel states: "The hearing will be informal and no official transcript may be made." Section 27-6-502(3), MCA. This is clear evidence of legislative intent that the MAPA provisions concerning transcripts do not apply. This same enabling legislation gives the Panel authority to make rules necessary for its operations. Section 27-6-204, MCA. Therefore, there is no statutory requirement that any form of transcript be provided and the Panel has full authority to promulgate its operating rules.

Next, we turn to the constitutional argument that Rule 15(c) offends due process and the rights to confront witnesses at trial.

The Montana Medical-Legal Panel is a purely advisory body. Although it has the power to approve binding settlement agreements, it cannot render any binding judgments. Section 27-6-606, MCA. The Panel proceedings are confidential in nature and its records are not subject to subpoena. Section 27-6-703, MCA. No member of the Panel may be compelled to testify concerning the proceedings of the Panel and the decision of the Panel is not admissible as evidence in subsequent court action. Section 27-6-704(1) and (2), MCA.

Clearly, the very nature of the purpose of the Panel is advisory and therefore confidential. It's dual purposes are to prevent court actions against health care providers unless

the facts permit at least a reasonable inference of malpractice and to effect a fair and equitable disposition of such claims. Section 27-6-102, MCA.

Given the confidential nature of the Panel, it cannot be said that Rule 15(c) arbitrarily denies parties before it a transcript. A transcript would destroy the confidentiality of the proceedings and therefore should be available only if no participant objects.

Furthermore, denial of a transcript does not destroy the right of a party to fully cross-examine witnesses at trial. In Linder v. Smith (Mont. 1981), 629 P.2d 1187, 38 St.Rep. 912, we held a portion of the Panel's enabling legislation unconstitutional as a violation of the right to cross-examine witnesses. That portion of the statute precluded using statements made at the hearing for impeachment purposes at trial. We held, however, that that "defect [was] not fatal to the act" and upheld the remaining portions of the act. Linder, 629 P.2d at 1192, 38 St.Rep. at 918.

While a transcript of Panel proceedings would certainly assist a litigant in cross-examination at trial, it is not essential to exercise that right. Therefore we hold that there are no constitutional infirmities in the workings of Rule 15(c).

The judgment of the District Court is reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 4 -

_____

_____

_____
Justices

Mr. Justice Frank B. Morrison, Jr., dissenting:

I dissent.

In Linder v. Smith (Mont. 1981), 629 P.2d 1187, 38 St. Rep. 912, this Court struck, as unconstitutional, a statutory provision requiring confidentiality in panel proceedings. We said:

> . . . Section 27-6-704(2), MCA, provides that: "[n]o statement made by any person during a hearing before the panel may be used as impeaching evidence in court." In order to uphold the constitutionality of the panel act, we determine that this section must be severed from the act. It is fundamental to our adversarial system that litigants retain the right to impeach the sworn testimony of a witness testifying against them. We are mindful that this provision was enacted to aid the fact finding by the panel and to preserve the confidentiality of the proceedings. But we cannot say that a litigant will receive a full and fair hearing if he is unable to fully cross-examine in court the witnesses that testified in the prior hearing.

Linder, 629 P.2d at 1192, 38 St.Rep. at 918.

The effect of our decision today is that, although you have a constitutional right to impeach with testimony given during the panel hearing, you do not have a right to have a transcript of that testimony. How can you cross-examine effectively at time of trial without transcript of the panel testimony? If Linden is to be overruled then the majority should say so.

Unfortunately, the majority's decision is motivated by fear that lack of confidentiality will destroy the effectiveness of the panel proceeding because doctors will not participate. We should not concern ourselves with this issue. This panel proceeding was established for the benefit of doctors. They are given special consideration not given other defendants in the tort system. If they do not wish to participate, that is their problem.

6

I might add that the majority's decision should discourage plaintiff's counsel from participating in the panel proceedings. If plaintiff's counsel extensively cross-examines doctors who are to be defendants, without the aid of a transcript, the doctors will be educated about the flaws in their case and will be able to subsequently shore up the lines of defense without responsibility for their earlier testimony. Under these circumstances I cannot conceive of plaintiff's counsel participating in the hearing process.

I am also disturbed by the suggestion that doctors will not participate in the panel process with a court reporter present. I can only assume that those making that suggestion do not want to be held accountable for the testimony given at hearings. If a witness is not to be accountable for what is said what credibility is there and why have a panel hearing at all?

I would affirm Judge Bennett's declaratory judgment.

_____
Justice